# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

DANA WEST,

    Plaintiff,

v.

DOLGENCORP, LLC,

    Defendant.

CIVIL ACTION NO.: 2:15-cv-126

**O R D E R**

Before the Court is the parties' Stipulated Protective Order. (Doc. 20-1.) For the reasons and in the manner set forth below, the Court **APPROVES** the Parties' Stipulated Protective Order, as modified and as set forth herein.

Pursuant to Federal Rule of Civil Procedure 26(c) ("Rule 26(c)"), a party may move for an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). For example, a party may seek an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). A court, in turn, may issue the protective order if "good cause" is shown. Fed. R. Civ. P. 26(c)(1); see also Ekokotu v. Fed. Express Corp., 408 F. App'x 331, 336 (11th Cir. 2011) ("The burden is on the movant to show the necessity of the protective order, and the movant must meet this burden with a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" (quoting United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978))). "In addition to requiring good cause, the district court must 'balance the interests of those requesting

the order.'" Ekokotu, 408 F. App'x at 336 (quoting McCarthy v. Barnett Bank of Polk Cty., 876 F.2d 89, 91 (11th Cir. 1989)).

The parties in this case have demonstrated good cause in arguing that a protective order is necessary by explaining that this action is presently in discovery, and it appears that such discovery will involve review and production of information and documents that the Parties desire to be held in confidence. Documents and information have been requested and will be produced by the Parties in this action, voluntarily or pursuant to discovery proceedings, which constitute or reflect confidential information in personnel files, financial records, and other like documentation Accordingly, good cause having been shown within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, and it appearing that the Parties consent to entry of this Consent Protective Order ("Protective Order"), the Court enters the parties' requested Order, as modified. However the Court makes clear that:

(1) The Court and its authorized personnel are not parties to the agreement and are not bound by its terms; and

(2) Nothing in this protective order shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of confidential documents.

IT IS HEREBY ORDERED THAT the following terms and conditions shall govern the exchange of information in this case:

**I. GENERAL PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of Confidential Information (as defined herein) for which special protection from public disclosure and from use for any purpose other than in this litigation would be warranted. Accordingly, Dana West and Dolgencorp, LLC, (collectively "Parties" and individually a "Party") acknowledge that this Order extends only to the limited information or items that are entitled under the applicable legal

principles to confidential treatment. The Parties further acknowledge, as set forth in Section XI below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

## II. DEFINITIONS

    A. **Party**: Any Party to this action, including all of its consultants and experts (who have been retained or who counsel in good faith believe may be retained), and outside counsel (and their support staff).

    B. **Disclosure or Discovery Material**: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    C. **Confidential Information**: Information or items that are private and confidential and that qualify for protection under Federal Rule of Civil Procedure 26(c)(1), whose disclosure to another party or nonparty would violate the privacy rights of a Party or a third party or that would create a substantial risk of injury that could be avoided by being designated as Confidential, including, for example, trade secrets, confidential commercial information, training materials, operating procedures, personnel documents, tax records, earnings records, financial information and reports, insurance information, social security and date of birth information, and other non-public, proprietary, or confidential corporate and strategic planning information.

    D. **Receiving Party**: A Party that receives Disclosure or Discovery Material from a Producing Party.

    E. **Producing Party**: A Party or nonparty that produces Disclosure or Discovery Material in this action.

**F.     Designating Party**:  A Party or nonparty that designates information or items that it produces in Disclosures or in Discovery Material as "Confidential."

**G.     Protected Material**:  Any Disclosure or Discovery Material that is designated as "Confidential."

**H.     Outside Counsel**:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

**I.     In-House Counsel**:  Attorneys who are employees of a Party.

**J.     Counsel (without qualifier)**:  Outside Counsel and In-House Counsel (as well as their support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators).

**K.     Expert and/or Consultant**:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.  This definition also includes the staff of any such experts described herein.

**L.     Professional Vendors**: Persons or entities that provide litigation support services (e.g., photocopying; videorecording; translating; preparing exhibits or demonstrations; and organizing, storing, retrieving data in any form or medium) and their employees and subcontractors.

**III.   SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above) but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, and testimony, conversations, or

presentations by Parties or Counsel to or in court or in other settings that reveal Protected Material. However, Counsel need not produce, return, and/or destroy attorney work product or the work product of their co-counsel.

**IV.     DURATION**

During and even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

**V.      DESIGNATING PROTECTED MATERIAL**

   **A.     Use of Good Faith in Designating Protected Material**: Designating Parties shall designate documents in good faith and shall neither indiscriminately designate documents nor make designations for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties). Any Party may object in good faith to the designation of Disclosure or Discovery Materials as "Confidential." The process for resolving disputes as set forth below presumes this good faith in the initial designations, objections, and meet and confer process. A Designating Party may designate as "Confidential" specific categories of documents that warrant such designation, provided that the Designating Party notifies the Receiving Parties that it has done so.

   **B.     Manner and Timing of Designations**: Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires that the Designating Party notify the

Receiving Party in writing which Information or Items it has marked as "CONFIDENTIAL," along with the following:

1. For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains Protected Material.

2. For testimony given in deposition or in other pretrial proceedings, the Party or nonparty offering or sponsoring the testimony shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and whether the testimony is designated "Confidential." Counsel may invoke the provisions of this Protective Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential." Testimony of former employees may be designated as "Confidential" by any Party or nonparty. No person shall be present during portions of the depositions designated "Confidential", unless such person is authorized under the terms of this Order to receive information or items so designated, or unless the producing or sponsoring party consents to such person being present. All information disclosed during a deposition shall be deemed to have been designated as confidential until ten (10) days after the Parties have been notified by the deposition officer that the transcript or recording is available, whether any portion of the transcript has been so designated previously. Transcript pages containing Protected Material must be separately marked by the court reporter by affixing to the top of each such page the legend

"CONFIDENTIAL," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

3. For information produced in electronic format, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**A. Objections to Designations**: A Party shall not be obligated to challenge the propriety of Confidential Information designations at the time material so designated is produced, and a failure to do so shall not preclude a subsequent challenge thereto. In the event a Party objects to the designation of any material under this Order by another Party, the challenging Party must do so in good faith and must begin the process by transmitting a letter or email to counsel for the Designating Party citing to this paragraph of this Stipulated Protective Order, identifying the specific information or items (or portions thereof) that it believes were improperly designated, and explaining the basis for its belief that the confidentiality designation was not proper. The Designating Party shall respond by letter or email within ten (10) business days, and, if no change in designation is offered, shall explain the basis for the chosen designation. Should the challenging Party maintain its challenge, the challenging Party shall request a telephonic conference or an in-person meeting with the Court on ten (10) business days' notice.

**B. Judicial Intervention**: If, following the meet and confer process, the challenging Party notifies the Designating Party that it will not withdraw its challenge, the Designating and challenging party shall send a detailed joint letter to the Court within

five (5) business days. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. In the event that the Court rules that the challenged material is not properly designated and if no objection, appeal, or mandamus is sought and/or pending, the Designating Party shall reproduce copies of all materials so re-designated without the "CONFIDENTIAL" labeling, at the expense of the Designating Party within fourteen (14) business days.

## VII. INADVERTENT FAILURE TO DESIGNATE

**A. Failure to Designate Information as Confidential**: Inadvertent failure to designate qualified information or items as "Confidential" does not waive the Designating Party's right to secure protection under this Order for such material. In the event that information claimed to be "Confidential" is produced without the appropriate designation, such documents and copies thereof shall be returned to the Producing Party within five (5) days of any written notice requesting their return to affix the appropriate designation, or such documents and copies shall be immediately stamped "Confidential" as requested by the Producing Party. The Receiving Party may challenge the confidential nature of the documents, but the initial production of the documents (or the giving of testimony) claimed to be "Confidential" shall not constitute a waiver of the confidentiality designation.

**B. Production of Privileged Information**: Production of any Discovery Material by a Producing Party who claims the Discovery Material should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to as a

"Produced Privileged Document") will not be deemed to waive any privilege or work product protection. A Party or nonparty may request the return or destruction of any privileged document that it produced by identifying the Produced Privileged Document and stating the basis for withholding such document from production. If a Party or nonparty requests the return or destruction, pursuant to this paragraph, of such a Produced Privileged Document then in the custody of one or more Parties, the possessing Parties shall within seven (7) business days either: (1) return to the requesting Party or nonparty the Produced Privileged Document, or (2) provide the requesting Party with a written attestation that all physical and electronic copies of the Produced Privileged Document have been removed, deleted, expunged, or otherwise destroyed. After a document is returned pursuant to this paragraph, a Party may move the Court for an order compelling production of the document.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

**A.** **Basic Principles**: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a nonparty in connection with this case only (and for no other purpose or other litigation) for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XII below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or

other internet-based document depository with adequate security shall be deemed a secure location.

**B.** **<u>Disclosure of Protected Material</u>**: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material only to:

    1. Counsel;

    2. Experts and/or Consultants (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Attached to the Parties' Stipulated Protective Order as "Exhibit A");

    3. The Court and its personnel;

    4. Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    5. The author, addressee(s), recipient of the document, or any other person who would have had access to such information by virtue of his/her employment;

    6. Any witness testifying at a deposition or in advance of a deposition, or whom any party in good faith believes may be a witness in this case, who has been provided with a copy of this Order and who has been instructed that this Order forbids the witness from disclosing Protected Material except as this Order permits;

    7. Any person to whom the Designating Party agrees in writing or on the record; and

    8. Any person to whom the Court compels access to the Protected Material.

**C.** Exhibit A attached to the parties' Stipulated Protective Order will be retained by counsel for the Party which obtains the appropriate signature.

**D.** Nothing in this Order affects the rights of the Producing Party or the Designating Party to use or disclose its own Protected Material in any way, including, but not limited to, providing Discovery or Disclosure Material to litigants for use in other lawsuits. Such disclosure shall not waive the protections of this Order and shall not entitle other parties, nonparties, or their attorneys to use or disclose the Protected Material in violation of this Protective Order.

## IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation or agency proceeding that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The

Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## X. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (1) notify in writing the Designating Party of the unauthorized disclosures; (2) use its best efforts to retrieve all copies of the Protected Material; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached to the parties' Stipulated Protective Order as Exhibit A.

## XI. FILING PROTECTED MATERIAL

When filing Protected Material, Counsel shall seek permission to file under seal any Protected Material, along with any pleadings, memoranda, declarations, and other documents that disclose the contents of said Protected Material. Such Protected Material shall be delivered sealed to the Clerk of Court and shall not be available for public inspection. Envelopes used to seal such materials shall bear the case caption, the title of the pleading, and carry the following notation: "CONFIDENTIAL INFORMATION, FILED CONDITIONALLY UNDER SEAL PURSUANT TO PROTECTIVE ORDER."

## XII. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90) days after the final termination of this action, each Receiving Party upon request by the

Designating Party must return all Protected Material to the Producing Party. As used in this subdivision, "Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. The Receiving Party may destroy the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party shall, at the request of the Producing Party, submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the ninety-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers and exhibits, transcripts, legal memoranda, correspondences, or attorney work product, even if such materials contain Protected Material.

## XIII. MISCELLANEOUS

    **A.** **<u>Right to Further Relief</u>**: Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

    **B.** **<u>Right to Assert Other Objections</u>**: By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    **C.** **<u>Non-Application of Order</u>**: The restrictions set forth above shall not apply to documents or information designated Confidential which: (1) were, are, or become public

knowledge through actions not in violation of this Order, or (2) were or are discovered independently by the Receiving Party.

**SO APPROVED** and **ORDERED**, this 12th day of September, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA